No. 3420

Second Circuit

---

JONES v. BELL

---

(November 18th, 1929. Opinion and Decree.)

---

Herndon & Herndon, of Shreveport, attorneys for plaintiff, appellee.

Foster, Hall & Smith of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action, plaintiff alleged that he was the holder of a note, acquired in due course, for a valuable consideration and before maturity, which had been drawn by defendant, for $290, payable to her own order and by her indorsed in blank, and secured by a mortgage on immovable property owned by defendant, and he prayed for judgment against defendant for the amount of the

note, etc., and for recognition of the mortgage.

The answer of the defendant is somewhat vague and conflicting, but, in substance, the defense made is that the note had been delivered by plaintiff to one of the attorneys representing the plaintiff, with an agreement that he would pay certain indebtedness of the defendant and her brothers, and that one of her brothers had subsequently given the attorney a note, and that it was agreed that the amount of that note would be credited on the note sued upon, but that the attorney had failed to comply with the agreement; and that the plaintiff was fully aware of all the circumstances connected with the transaction, and defendant called the attorney in warranty to defend the suit, and prayed that plaintiff's demands be rejected; and, in event of any judgment being rendered in favor of plaintiff and against defendant, that a like judgment be rendered in favor of defendant against the alleged warrantor.

There was a motion to strike out the call in warranty, which was allowed; and the cause was fixed for trial on a future date, and, when the case was called, counsel for defendant was not present, and the court permitted plaintiff to proceed to trial with the case and judgment was rendered in favor of plaintiff, as demanded.

Defendant appeals; and it is urged that the court erred in allowing the motion to strike out the call in warranty, and also in permitting plaintiff to proceed with the trial, in the absence of defendant and her counsel.

It is contended that the motion to strike out was filed by the alleged warrantor, and not by the plaintiff, and it is further urged that the motion to strike out a call in warranty was irregular, and, if the call was not legally warranted, that an exception should have been filed, and, further, that the motion to strike out was allowed on the ground that the answer under which the call was made did not show that there was any privity of contract between the plaintiff and the alleged warrantor, and that the ruling was erroneous.

While it might be contended that the motion to strike out was filed by the alleged warrantor, considering the body of the motion, it was, however, signed by the attorneys for the plaintiff, and, although it appears to have been argued in the trial court, as here, that the motion was by the alleged warrantor, we do not so consider it, but, on the other hand, we think that the motion should be considered as having been presented by the plaintiff, and we do not think it was necessary for the plea to have been designated as an exception, rather than as a motion to strike out, as it does not appear that defendant misunderstood the object of the plea.

We do not know on what ground the motion was allowed, as the court's reasons for the ruling are not in the record. But the call in warranty was based upon the provision of the Code of Practice, art. 379, which declares that: "Personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person," and it surely cannot be said that the payee and holder of a note is obligated to the drawer to pay the note, what-

ever may be said as to his right to negotiate it, and it is not alleged that, after the note passed from the hands of the alleged warrantor, there was any agreement by him with defendant that he would re-acquire or pay the note, and the court properly allowed the motion to strike out the call in warranty.

Relative to the alleged error of the court in permitting plaintiff to proceed with the trial of the case on the date fixed for trial, and in the absence of defendant and her counsel, it was stated in argument that there were other cases on the docket, and that the case had been called out of its regular order. However, the only facts shown by the record are in the minutes, where it appears that counsel for defendant appeared in court, "after rendition of judgment, and objected to same on the ground that this case being the fourth on the docket for this date, has been tried and judgment has been rendered by 9:40 a. m. Objection overruled, and bill reserved."

The rules of the court are not before us, and, as there was not any motion for a new trial filed, we cannot assume that there was any irregularity in calling the case for trial, the presumption being to the contrary, nor may we assume that the absence of defendant and her counsel at that time was due to circumstances which would have even suggested that the court on its own motion should have ordered a new trial.

The judgment appealed from is affirmed.